MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Fax: 845-365-1506
*Attorneys for the Plaintiff*




PLAINTIFF DEMANDS A
TRIAL BY JURY

Civil Action
No_____
COMPLAINT FOR
DAMAGES-
False Arrest; Malicious
Prosecution; Assault; Battery
42 U.S.C. 1983

# UNITED STATES DISTRICT COURT
Eastern District of New York

LOUIS P. RATEAU

      Plaintiff,

    -against-

THE CITY OF NEW YORK, MICHAEL ELKIN,
individually and as a supervisory employee of the City of
New York, "JOHN DOE," and "RICHARD ROE," police
officers of the City of New York, the identity and number of
whom is presently unknown to plaintiff, persons intended
being the police officers and/or supervisors who participated
in the arrest, detention and prosecution of plaintiff,

      Defendants,



## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK (hereinafter, "CITY"), MICHAEL ELKIN, individually and as a supervisory employee of defendant CITY, "JOHN DOE," "RICHARD ROE," (hereinafter "DOE" and "ROE") police officers of defendant CITY, the identity and number of whom is presently unknown to plaintiff, persons intended being the police officers and/or supervisors who participated in the arrest, detention and prosecution of plaintiff, arising out of the false arrest, malicious prosecution, assault, battery, filing of false reports regarding, and false imprisonment of, plaintiff, LOUIS RATEAU

2. It is alleged that on November 22, 2004 at approximately 1:00 p.m., officers DOE and ROE, of the New York City Police Department (hereinafter "NYPD"), and MICHAEL ELKIN, individually and as a supervisory employee of defendant CITY, and as agents, servants and/or employees of defendant CITY, acting in concert, under color of state laws, intentionally and wilfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment, detention, assault, battery, filing of false reports and malicious prosecution for acts of which plaintiff was innocent.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Sections 1981, 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York in that the defendant CITY is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5. Plaintiff, LOUIS RATEAU was and is a citizen of the United States and at all times relevant hereto resided in the County of Kings, City and State of New York.

6. Defendant CITY was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws

of the State of New York.

7. The New York Police Department (hereinafter "NYPD") and the New York City Department of Information, Technology and Telecommunications (hereinafter "DOITT") were at all times relevant hereto, subdivisions, departments or agencies of Defendant CITY.

8. The arresting officers, DOE and ROE, were, at all times relevant hereto, employees of Defendant CITY, duly appointed and acting as police officers in the NYPD, and were agents, servants and/or employees of defendant CITY, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

9. Defendant MICHAEL ELKIN is and was, at all times relevant hereto, a supervisor and/or operator at the DOITT, and an agent, servant and/or employee of Defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties as a supervisor and/or operator in the City's "3-1-1" information and assistance service. He is sued individually and in his supervisory capacity.

10. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and the State of New York.

## NOTICE OF CLAIM

11. Within 90 days following the successful termination of the prosecution of plaintiff arising from this incident, plaintiff filed written Notice of Claim with Defendant CITY. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. On or about October 27, 2004, at or about the period of time between the approximate hours of 10:00 a.m. and 6:00 p.m., plaintiff was in his home, speaking on the telephone with several "3-1-1" operators and/or supervisors, including defendant ELKIN.

13. Plaintiff RATEAU was then and there attempting to contact and communicate with a supervisor of the "3-1-1" operators, to include defendant ELKIN, to make a lawful and proper complaint about the quality and manner of service he was receiving from "3-1-1."

14. On November 22, 2004, at approximately 1:00 p.m, in the vicinity 68 Moffat Street, Brooklyn, New York, plaintiff RATEAU was stopped, detained and arrested by Defendants DOE and ROE, employees of defendant CITY, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest, the plaintiff, and upon the patently and verifiably false, fraudulent, malicious and untrue complaint of defendant ELKIN.

15. Upon information and belief, police officers DOE and ROE, employees of defendant CITY, wrongfully and improperly stopped, detained and arrested plaintiff RATEAU in regard to a crime which had nothing to do with plaintiff, based upon the patently and verifiably false, fraudulent, malicious and untrue complaint of defendant ELKIN.

16. Upon information and belief, DOE and ROE, employees of defendant CITY, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested plaintiff RATEAU when it was not right, just, lawful, proper, or necessary to do so, and maliciously, deliberately and recklessly disregarded the patent and verifiable indicators of the false, fraudulent, malicious and untrue complaint of defendant ELKIN.

17. Upon information and belief, and without proof that plaintiff RATEAU was in any way

connected or related to a crime, or in fact, that any crime was, in fact, committed, and without reasonable suspicion to stop him, nor probable cause to detain or arrest him, defendant CITY's employees, including defendants DOE, ROE and ELKIN, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated a charge against the plaintiff and set it forth in a false and fabricated criminal complaint, falsely sworn to by defendant ELKIN on December 20, 2004. A copy of the false and fraudulent complaint is annexed hereto as Exhibit A, and is made a part hereof with the same force and effect as if it were fully set forth here at length.

18. Defendant ELKIN, upon information and belief, claimed to have an audio tape of the plaintiff threatening harm, and upon information and belief, ELKIN, acting in concert with DOE and ROE, the defendant CITY's employees, knowingly falsely accused the plaintiff of Aggravated Harassment in the Second Degree and Harassment in the Second Degree. No such audio tape was ever produced!

19. The criminal complaint, Exhibit A, was and is false and fraudulent in alleging that plaintiff RATEAU committed Aggravated Harassment in the Second Degree and Harassment in the Second Degree, and in alleging the facts therein set forth alleged to constitute those charges.

20. Based upon the false criminal complaint prepared, upon information and belief, by the defendant employees, and signed by defendant ELKIN, the Criminal Court of the City of New York, County of Kings, arraigned plaintiff RATEAU on the above charges.

21. On November 22, 2004, in the County and State of New York, employees of defendant CITY, including DOE, ROE and ELKIN, acting in concert, maliciously and with intent to injure plaintiff RATEAU, and without just cause or any right to do so, handcuffed him and jailed and detained him there and restrained him of his liberty, against the will of the

plaintiff.

22. At no time did the plaintiff offer resistance as the police officers DOE and ROE arrested him.

23. The arrest of the plaintiff by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

24. Defendants acted maliciously and intentionally.

25. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in various facilities of Defendant CITY, including the precinct lockup, the courthouse lockup, the courtroom lockup, and others.

26. Eventually, the plaintiff was released from such confinement and detention.

27. Thereafter the plaintiff was forced to return to court on multiple occasions, over a period of about a year, appearing in public, and before the public, as a defendant, a man accused of criminal acts, acts of which the plaintiff was not guilty.

28. The charges against plaintiff RATEAU were disposed of, in his favor, by being dismissed, on November 15, 2005 in the Criminal Court of the City of New York.

29. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person,

   b. embarrassment,

   c. humiliation,

      d.      loss of liberty,

      e.      loss of income,

      f.      loss of employment,

      g.      loss of registration as security guard,

      h.      loss of weight,

      i.      emotional distress and

      j.      mental anguish.

30. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff:

      a.      Freedom from the unreasonable seizure of his person.

### FIRST COUNT
### (42 U.S.C. SECTIONS 1981, 1983, and 1985
### AGAINST INDIVIDUAL DEFENDANTS)

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. Defendants, acting in concert and under the color of state law, have deprived plaintiff LOUIS RATEAU of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985.

33. As a result, plaintiff RATEAU claims damages for the injuries set forth above.

### SECOND COUNT
### (ASSAULT AGAINST INDIVIDUAL DEFENDANTS)

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. Upon approaching plaintiff RATEAU and handcuffing and arresting him, defendants DOE and ROE, acting in concert with defendant ELKIN, made plaintiff fear for his physical well-

being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

36. As a result of that assault, plaintiff RATEAU claims damages for the injuries set forth above.

## SECOND COUNT
## (BATTERY AGAINST INDIVIDUAL DEFENDANTS )

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. Defendants DOE and ROE, acting in concert with defendant ELKIN, placed hands on plaintiff RATEAU and handcuffed him.

39. As a result of the battery, plaintiff RATEAU claims damages for the injuries set forth above.

## THIRD COUNT
## (MALICIOUS PROSECUTION
## AGAINST INDIVIDUAL DEFENDANTS)

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. The individual defendants, acting in concert, knowingly, intentionally, and maliciously caused a false criminal accusatory instrument to be filed against plaintiff RATEAU.

42. As a result of the malicious prosecution implemented by the individual defendants plaintiff RATEAU claims damages for the injuries set forth above.

## FOURTH COUNT
## (FALSE ARREST & IMPRISONMENT
## AGAINST INDIVIDUAL DEFENDANTS)

43. Paragraphs 1 through 42 are incorporated herein by reference.

44. Defendants subjected plaintiff LOUIS RATEAU to false arrest, imprisonment, and deprivation of liberty without probable cause.

45. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff RATEAU

claims damages for the injuries set forth above.

## FIFTH COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT CITY
## - *RESPONDEAT SUPERIOR*)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. Defendant CITY is liable for the damages suffered by the plaintiff RATEAU as a result of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior*.

48. Defendant CITY, by its agents, servants and employees, subjected plaintiff RATEAU to false arrest, assault, battery, false imprisonment, malicious prosecution, embarrassment, shame and public humiliation, loss of income, loss of certification or registration as a security guard, and loss of employment.

49. As a result plaintiff RATEAU claims damages against defendant CITY for the injuries set forth above.

## SIXTH COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT CITY
## 42 U.S.C. SECTION 1983)

50. Paragraphs 1 through 49 are incorporated herein by reference.

51. Defendant CITY knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

52. Prior to November 22, 2004, defendant CITY developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, which policies and/or customs caused the violation of plaintiff RATEAU's rights.

53. Upon information and belief, it was the policy and/or custom of defendant CITY to improperly and inadequately investigate citizen complaints of police misconduct, and acts

of misconduct were instead tolerated by defendant CITY, including, but not limited to incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and other New York City employees to make, false entries in official police department and other City records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

54. It was the policy and/or custom of defendant CITY to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers and other employees, such as ELKIN. The CITY did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

55. As a result of the above described policies and/or customs, police officers and other employees of the CITY, including the defendant officers and ELKIN, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

56. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the CITY to the constitutional rights of persons within the CITY, and were the cause of the violations of plaintiff's rights alleged herein.

57. As a result of the wrongful, deliberately indifferent and illegal acts of defendant CITY plaintiff RATEAU claims damages against defendant CITY for the injuries set forth above.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action; for punitive damages on each Cause of Action; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: Blauvelt, New York
August 21, 2006

**Michael R. Scolnick, P.C.**

By: *[signature]*

Michael R. Scolnick          MS9984
Attorneys for plaintiff
175 Burrows Lane,
Blauvelt, New York 10913
Phone: (845) 354-9339
Fax: (845) 365-1506
E-Mail: Scollaw@optonline.net